COX FRICKE LLP
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOACHIM P. COX             7520
   jcox@cfhawaii.com
RANDALL C. WHATTOFF  9487
   rwhattoff@cfhawaii.com
800 Bethel Street, Suite 600
Honolulu, Hawaiʻi 96813
Telephone:  (808) 585-9440
Facsimile:   (808) 275-3276

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In Re:  Lahaina Wildfire Litigation | 1:24-CV-00259-JAO-WRP<br>(Class Action)<br><br>**JOINT STIPULATION BY ALL PARTIES TO DISMISS UNDER F.R.C.P. 41(a)(1)(A)(ii)**<br><br>Trial:     None set |

**JOINT STIPULATION BY ALL PARTIES TO DISMISS UNDER F.R.C.P. 41(a)(1)(A)(ii)**

The undersigned parties ("Parties"), by and through their respective counsel of record, stipulate as follows:

WHEREAS, on August 2, 2024, the Parties entered into a Term Sheet contemplating a global resolution of all Maui Fires Claims (as defined in the Term Sheet);

WHEREAS, the Term Sheet contemplated that the Parties would further negotiate and memorialize a definitive set of Settlement Agreements (as defined in the Term Sheet) ("Settlement Agreement");

WHEREAS, the Term Sheet contemplated that the Settlement Agreement would include a class action settlement;

WHEREAS, the State of Hawai'i, which is a defendant in other Maui Fires litigation and party to the Term Sheet, is not a defendant in this action;

WHEREAS, Plaintiffs intend to file a new state action in the Second Circuit Court of the State of Hawai'i that will ultimately reflect the agreed-upon settlement class in the Settlement Agreement and will name the State of Hawai'i as a defendant (the "State Class Action");

WHEREAS, this pending consolidated class action in federal court is currently stayed;

WHEREAS, the Parties have agreed to dismiss this action without a Court order under Federal Rule of Civil Procedure 41(a)(1)(A)(ii);

WHEREAS, dismissal of this action to effectuate settlement is consistent with the existing stay;

WHEREAS, although the Parties are dismissing this action in light of the proposed class settlement to be filed in State court that will include the State of

Hawaiʻi as a party to the settlement, Defendants, Class Plaintiffs[1], and Class Counsel[2] intend that, in the event that the Settlement Agreement is not effectuated and finally approved, 1) any rights Defendants may have to subsequently remove the State Class Action and, generally, to a federal forum under the Class Action Fairness Act or any other applicable statute, not be prejudiced or in any way impaired by the Parties' agreement to dismiss this action and allow the class settlement to be effectuated in State court, and; 2) any right Class Plaintiffs may have to object to any subsequent removal or seek remand not be prejudiced or in any way impaired by the Parties' agreement to dismiss this action and allow the class settlement to be effectuated in State court, except as stated herein;

WHEREAS, under *Smith v. Mylan Inc.*, 761 F.3d 1042 (9th Cir. 2014), timeliness requirements for removal are procedural and, thus, objections to timeliness of removal may be waived by parties;

---

[1] "Class Plaintiffs" refers to those individual plaintiffs purporting to represent classes in this action, including Nova Burnes; Maui Concierge Aesthetics, LLC; Lani Chadli, individually and as Trustee of the Aotaki Family Irrevocable Trust; Monica I. Eder; Rede S. Eder; Candace Faust; Peter Faust; David Heymes; Kathryn Llamas; Jennifer Lynn McNamee; Chardell Naki; Barrett Procell; and Rolland Williams, Jr.

[2] "Class Counsel" refers to all plaintiffs' counsel of record in this action, including Lexi J. Hazam; Patrick I. Andrews; Nicholas W. Lee; Kelly K. McNabb; Terrance M. Revere; Paul V.K. Smith; Richard E. Wilson; Patrick Kyle Smith; Kenneth S. Kasdan; Christopher K. Hikida; Graham B. LippSmith; MaryBeth LippSmith; Jaclyn L. Anderson; Celene Chan Andrews; Robert A. Curtis; and Alexander Robertson, IV.

WHEREAS, Class Plaintiffs and Class Counsel, as a condition to this stipulation of dismissal, shall waive any timeliness objection to any later removal of the State Class Action in the event that the Settlement Agreement does not become final, but do not intend for Class Plaintiffs and Class Counsel to waive any other basis for objection to later removal;

NOW, THEREFORE, it is hereby stipulated and agreed by and between all Parties to this action, as follows:

1. This action is hereby dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  No fees and/or costs are sought by any party at this time; this dismissal applies to all claims in this case; and all parties who have appeared have signed this stipulation.

2. Class Counsel will file the State Class Action in the Second Circuit Court of the State of Hawaiʻi, and it will be identical to the class action currently pending in this Court save for the addition of the State of Hawaiʻi as a party defendant, subject to future amendment to conform to the settlement class definition agreed upon by the Parties in the executed Settlement Agreement.  Class Counsel agree they will not seek to amend the State Class Action while the settlement is pending without agreement of the Parties.

3. In the event that (i) the Settlement Agreement does not become final and

4

thus there is no class settlement with all of the Parties in the Second Circuit Court, and (ii) any Defendant thereafter removes the State Class Action to federal court; then Class Plaintiffs and Class Counsel shall not and may not make—and expressly waive and forfeit—any argument for remand:

> (x) on the basis that removal is untimely under any applicable legal rule, statutory provision or otherwise, including, but not limited to, 28 U.S.C. §§ 1446(a), 1446(b)(1), 1446(b)(2)(B), 1446(b)(3), 1446(c)(1), 1446(c)(3)(A), 1446(c)(3)(B), 1446(g), and 28 U.S.C. § 1453(b); or
>
> (y) on the basis that Defendants otherwise waived or forfeited their right to remove because of any action they take or have taken to effectuate dismissal of this case or to litigate or negotiate settlement in the State Class Action.

4. Other than as stated in Paragraph 3, Class Plaintiffs and Class Counsel do not waive any other basis to object to removal or argue for remand if (i) the Settlement Agreement does not become final and thus there is no class settlement with all of the Parties in the Second Circuit Court, and (ii) any Defendant thereafter removes the State Class Action to federal court.

5. The Parties understand that Defendants are agreeing to dismissal of the consolidated class action in federal court in reliance on the

enforceability of the waivers set forth in Paragraph 3 of this Stipulation.

6. Defendants' agreement to this Stipulation shall not be construed to be an admission that any class can or should be certified, under federal or Hawaiʻi law, or an admission as to the merits of the consolidated class action complaint or contemplated State Class Action.

DATED: Honolulu, Hawaiʻi, October 31, 2024.

/s/ Patrick Kyle Smith
TERRANCE M. REVERE
PAUL V.K. SMITH
RICHARD E. WILSON
PATRICK KYLE SMITH
Attorneys for Plaintiffs
NOVA BURNES; MAUI CONCIERGE AESTHETICS, LLC; LANI CHADLI, individually and as Trustee of the AOTAKI FAMILY IRREVOCABLE TRUST; BARRETT [ALSO ERRONEOUSLY REFERRED TO IN THE COMPLAINT AS BARRET] PROCELL; KATHRYN LLAMAS

/s/ *Graham B. LippSmith*
GRAHAM B. LIPPSMITH
MARYBETH LIPPSMITH
JACLYN L. ANDERSON
CELENE CHAN ANDREWS
Attorneys for Plaintiffs
MONICA I. EDER; REDE S. EDER; CANDACE FAUST; PETER FAUST; DAVID HEYMES; JENNIFER LYNN MCNAMEE; ROLLAND WILLIAMS, JR. [ALSO REFERRED TO IN THE COMPLAINT AS ROLLAND WILLIAMS JR.]


/s/ *Kenneth S. Kasdan*
KENNETH S. KASDAN
CHRISTOPHER K. HIKIDA
D. KAENA HOROWITZ
SHARLA ANN MANLEY
Attorneys for Plaintiff
CHARDELL NAKI


/s/ *Paul Alston*
PAUL ALSTON
NICKOLAS A. KACPROWSKI
WENDY F. HANAKAHI
MADISSON L. HEINZE
NATHAN P. SHIMODOI
Attorneys for Defendants
TRUSTEES OF THE ESTATE OF BERNICE PAUAHI BISHOP

7

/s/ *Eric H. Tsugawa*
ERIC H. TSUGAWA
ALAN K. LAU
TEDSON H. KOJA
Attorneys for Defendants
HAWAIIAN TELCOM, INC.; HAWAIIAN TELCOM COMMUNICATIONS, INC.; HAWAIIAN TELCOM FEDERAL, LLC[3]

/s/ *Gregory K. Markham*
GREGORY K. MARKHAM
KEITH K. KATO
Attorneys for Defendant
SPECTRUM OCEANIC, LLC

/s/ *Wesley H.H. Ching*
WESLEY H.H. CHING
SHEREE KON-HERRERA
DARA S. NAKAGAWA
JONATHAN L. ORTIZ
CATHY S. JUHN
ERIN I. MACDONALD
Attorneys for Defendants
PETER KLINT MARTIN; PETER KLINT MARTIN REVOCABLE TRUST

---

[3] The Consolidated Complaint erroneously refers to "Hawaiian Telcom" and "Hawaiian Telecommunications, Inc." (ECF No. 1 at 1). No such entities exist. The correct names of these entities appear subsequently in the Consolidated Complaint (*id.* at 12) and are the entities on behalf of which counsel has appeared in this action.

8

/s/ *Wesley H.H. Ching*
WESLEY H.H. CHING
SHEREE KON-HERRERA
DARA S. NAKAGAWA
Attorneys for Defendants
HOPE BUILDERS HOLDING LLC; HOPE BUILDERS INC.; HOPE BUILDERS LLC; KAUAULA LAND COMPANY LLC; KIPA CENTENNIAL, LLC; WAINEE LAND & HOMES, LLC; WEST MAUI LAND COMPANY, INC.; MAKILA RANCHES, INC. [ALSO REFERRED TO IN THE COMPLAINT AS MAKILA RANCHES INC.]; MAKILA LAND CO., LLC; JV ENTERPRISES, LLC


/s/ *James W. Geiger*
JAMES W. GEIGER
Attorneys for Defendants
JAMES C. RILEY TRUST; JEANNE A. RILEY TRUST


/s/ *Ralph J. O'Neill*
RALPH J. O'NEILL
MATTHEW A. HEMME
JOSEPH F. KOTOWSKI
Attorneys for Defendant
MAKILA RANCHES HOMEOWNERS ASSOCIATION, INC.

9

/s/ Jordan K. Inafuku
VICTORIA J. TAKAYESU
THOMAS KOLBE
DAVID J. MINKIN
JORDAN K. INAFUKU
SARA M. HAYDEN
KAMRIE J. KOI
JENNIFER LAUREN RIGGS
Attorneys for Defendant
COUNTY OF MAUI


/s/ Randall C. Whattoff
JOACHIM P. COX
RANDALL C. WHATTOFF
Attorneys for Defendants
HAWAIIAN ELECTRIC COMPANY, INC.;
MAUI ELECTRIC COMPANY, LIMITED [ALSO ERRONEOUSLY REFERRED TO IN THE COMPLAINT AS MAUI ELECTRIC COMPANY, INC.]; HAWAII ELECTRIC LIGHT COMPANY, INC. [ALSO ERRONEOUSLY REFERRED TO IN THE COMPLAINT AS HAWAI'I ELECTRIC LIGHT COMPANY, INC.]; HAWAIIAN ELECTRIC INDUSTRIES, INC.

//
//
//

The foregoing Joint Stipulation by All Parties to Dismiss Under F.R.C.P. 41(a)(1)(A)(ii) ("Joint Stipulation") is **APPROVED AS TO FORM**. *See* LR41.1.

Because all parties who appeared have signed the Joint Stipulation, dismissal is effective on filing, *see, e.g.*, Fed. R. Civ. P. 41(a)(1)(A)(ii); *Com. Space Mgmt.*

*Co. v. Boeing Co.*, 193 F.3d 1074, 1077–78, 1080 (9th Cir. 1999), and the Court need not otherwise review or approve the foregoing *pre*certification stipulation for dismissal, *see, e.g.*, *Dougan v. Centerplate, Inc.*, 706 F. Supp. 3d 1025 (S.D. Cal. 2023); Fed. R. Civ. P. 23(e).

All remaining motions (ECF Nos. 16, 21, 47) are MOOT, *see, e.g.*, *Com. Space Mgmt. Co.*, 193 F.3d at 1077–78, 1080, including Subrogation Plaintiffs' Motion to Intervene, *see, e.g.*, *Dukes v. Wal-Mart Stores, Inc.*, 2016 WL 4269093, at *1–3 (N.D. Cal. Aug. 15, 2016); *Jou v. Kimberly-Clark Corp.*, 2015 WL 4537533, at *3, *5 (N.D. Cal. July 27, 2015); *Moses v. City of Perry, Michigan*, 90 F.4th 501, 505–07 (6th Cir. 2024), which in any event fails to establish a basis for jurisdiction over the proposed claims in intervention, *see Canatella v. California*, 404 F.3d 1106, 1113 (9th Cir. 2005); *Clark v. QG Printing II, LLC*, 2021 WL 38180, at *4–8 (E.D. Cal. Jan. 5, 2021); 28 U.S.C. § 1367(b); ECF No. 21-4 ¶¶ 4, 10–25, 29; ECF No. 21-1 at 17.

The Clerk is directed to close this case.

DATED:  Honolulu, Hawaiʻi, October 31, 2024.



Jill A. Otake
United States District Judge

*In Re: Lahaina Wildfire Litigation*, 1:24-cv-00259-JAO-WRP,
Joint Stipulation by All Parties to Dismiss Under F.R.C.P. 41(a)(1)(A)(ii)

11